UNITED STATES DISTRICT COURT
NOTERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANGELICA WILLIAMSON a/n/f/ to N.M., A MINOR, **PLAINTIFF** <br><br> VS. <br><br> WAL-MART REAL ESTATE BUSINESS TRUST **DEFENDANT** | CIVIL ACTION NO. 4:23-CV-00337-P |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, ANGELICA WILLIAMSON Individually and a/n/f to N.M., a minor ("Plaintiff") complaining of and about WALM-MART REAL ESTATE BUSINESS TRUST, WAL-MART STORES TEXAS LLC, and STRUCTURAL CONCEPTS CORPORATION (Defendants) and for cause of action shows unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2. Pursuant to Chapter 47 of the Texas Rules of Civil Procedure, Plaintiff seeks a maximum recovery of over $250,000.00, but not more than $ 1,000,000,000.

### II. PARTIES AND SERVICE

2. Plaintiff, ANGELICA WILLIAMSON, is an individual whose address is 4213 Country Club Drive Midland, TX 79703.

3. Defendant, WAL-MART REAL ESTATE BUSINESS TRUST is a Foreign Business Trust doing business in Texas, whose registered agent CT CORPORATION SYSTEM may be

served at 1999 Bryan St., Ste. 900, Dallas, TX, 75201-3136. Issuance of citation is not requested at this time.

4. Defendant, WAL-MART STORES TEXAS LLC is a is a foreign limited liability company and whose registered agent, CT Corporation System, may be served at 199 Bryan Street, Suite 900, Dallas, Texas 75201**. Issuance of citation is requested at this time**.

5. Defendant, STRUCTURAL CONCEPTS CORPORATION is a foreign for-profit corporation doing business in the date of Texas and whose registered agent, United States Corp Company, can be served at 211 E. 7th Street, Suite 620, Austin, Texas 78701. **Issuance of citation is requested at this time**.

## III. JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this Court.

7. This court has jurisdiction over Defendants because said Defendants purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendants to the State of Texas, thereby conferring specific jurisdiction with respect to Defendants.

9. Furthermore, Plaintiff would show that Defendants engaged in activities constituting business in the State of Texas as provided by section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendants committed a tort in Texas.

10. Venue in Tarrant County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving

rise to this lawsuit occurred in this county.

## IV. FACTS

11. On or about March 19, 2022, N.M. was an invitee on Defendant's premises at Walmart, located at 6401 NE Loop 820, North Richland Hills, TX 76180, shopping with his mom, Plaintiff Angelica Williamson.

12. N.M. was standing next to a refrigerated deli display (Refrigerated Display). Unbeknownst to N.M., there were wires within and/or touching the display.

13. N.M. rested his hands on the display while the wires were live, causing him to be electrocuted.

14. At all times relevant, the display was under the control and care of Defendants, Wal-Mart Real Estate Business Trust and Wal-Mart Stores of Texas LLC.

15. Defendant, Structural Concepts Corporation sold the display to Defendants and installed the display on the subject premises.

## V. PLAINTIFF'S CLAIMS FOR NEGLIGENCE AND PREMISES LIABILITY AGAINST DEFENDANTS WAL-MART REAL ESTATE BUSINESS TRUST AND WAL-MART STORES OF TEXAS LLC.

16. At all relevant times herein, Defendants had such control over the premises in question that Defendants owed certain duties to N.M., the breach of which proximately caused the injuries set forth herein.

17. At all relevant times herein, N.M. was an "invitee," as classified under Texas law at the time of the incident in question.

18. N.M. entered Defendants' premises in question for the mutual benefit of Plaintiff, N.M., and Defendants and/or for a purpose connected with the business of Defendants.

19. Defendants had control of the area and the Refrigerated Display where N.M. was injured.

20. Defendants failed to maintain a safe environment by not warning, repairing, or otherwise making safe the Refrigerated Display.

21. Defendants acts and omissions increased the foreseeable risk of injuries as they relate to the Refrigerated Display.

22. Defendants breached their duty to maintain a safe environment by failing to inspect, or by improperly inspecting, the Refrigerated Display.

23. At all times pertinent herein, Defendants, Defendants' agents and employees, who were acting in the scope of their employment, are liable to Plaintiff for their negligent conduct toward N.M. for:

    a. Creating an unsafe environment by failing to maintain the display in a condition safe for invitees and allowing it to exist on the premises in an unsafe condition;
    b. Failing to have appropriate safety procedures for identifying, reporting, and correcting conditions of the Refrigerated Display that posed a risk of danger to invitees;
    c. Failing to follow appropriate safety procedures for identifying, reporting, and correcting conditions of the Refrigerated Display that posed a risk of danger to invitees;
    d. Improperly following safety procedures for identifying, reporting, and correcting conditions of the Refrigerated Display that posed a risk of danger to invitees so as to allow or create a risk of harm;
    e. Failing to warn, repair, or otherwise make safe the Refrigerated Display;
    f. Failing to properly train and supervise its employees and agents regarding proper maintenance and inspection of the Refrigerated Display;
    g. Failing to use due and reasonable care to avoid creating the dangerous environment that caused N.M. severe injuries and damages;
    h. Creating a dangerous condition thereby putting Defendants on notice because, when an owner or occupier of a premise, or those for whose conduct it is responsible, creates a condition that poses an unreasonable risk of harm, an inference of knowledge may arise that Defendant knew or should have known about the risk of danger to Plaintiff. *Keetch v. Kroger,* 845 S.W.2d 262, 265 (Tex. 1992); *Robledo v. Kroger,* 597 S.W.2d 560 (Tex. Civ. App.–Eastland 1980, writ ref'd n.r.e.); *See Wal-Mart Stores, Inc. v. Diaz*, 109 S.W.3d 584, 589 (Tex. 2003).

## VI. PLAINTIFF'S CLAIMS OF NEGLIGENCE AGAINST DEFENDANT STRUCTURAL CONCEPTS CORPORATION

24. Plaintiff realleges and asserts the above and foregoing paragraphs as if specifically set forth herein.
25. Defendant knew or should have known the Refrigerated Display would be in use by the public.
26. Defendant knew or should have known of the increased risk of harm to foreseeable plaintiffs posed by the Refrigerated Display should it not be installed correctly.
27. Defendant knew or should have known of the increased risk of harm to foreseeable plaintiffs

posed by the Refrigerated Display should it be broken, damaged, or defective.
28. Defendant knew or should have known of the increased risk of harm to foreseeable plaintiffs posed by the Refrigerated Display should it not be properly maintained.
29. Defendant knew or should have known of the increased risk of harm to foreseeable plaintiffs posed by the Refrigerated Display when its wires, wire coverings, or other constructs meant to house the wires be damaged.
30. Defendant knew or should have known of the increased risk of harm to foreseeable plaintiffs posed by the Refrigerated Risplay should its wires not be properly maintained.
31. Defendant knew or should have known of the increased risk of harm to foreseeable plaintiffs posed by the Refrigerated Display should its wires be exposed.
32. N.M. was a foreseeable Plaintiff to Defendant.
33. Defendant was negligent with respect to its acts or omission related to the Refrigerated Display in that:
    a. Defendant failed to act are acted wrongly when it installed the Refrigerated Display on the premises in question.
    b. Defendant failed to ensure the Refrigerated Display was installed correctly.
    c. Defendant failed to inspect, or improperly inspected, the Refrigerated Display after installation.
    d. Defendant failed to maintain the Refrigerated Display.
    e. Defendant improperly maintained the Refrigerated Display.
    f. Defendant created the hazardous condition of the Refrigerated Display.
    g. Defendant failed to warn, fix, or repair with respect to the hazardous condition of the Refrigerated Display.

## VI. **RESPONDEAT SUPERIOR**

34. At all relevant times, Defendant's negligent employees were acting in the scope of their employment with Defendant. Therefore, under the principle of respondeat superior, the masters are liable for their servant's torts.

## VII. **DAMAGES FOR PLAINTIFF**

35. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer physical injuries, and to incur the following damages:

    A. Reasonable medical care and expenses in the past;
    B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
    C. Physical pain and suffering in the past;
    D. Physical pain and suffering in the future;

E. Mental anguish in the past;

   F. Mental anguish in the future;

   G. Impairment in the past;

   H. Impairment in the future;

   I. Loss of earning capacity; and

   J. Past and future disfigurement.

## IX. NOTICE PURSUANT TO TRCP 193.7

36. NOTICE IS HEREBY GIVEN that pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Counsel for Plaintiff intends to use Defendant's discovery responses and any documents produced in discovery in the trial of this cause of action and/or any hearings before the Court herein.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**TRUJILLO GONZALEZ, P.C.**

By: */s/ Rachel Verich*
Rachel Verich
State Bar No. 24123190
**Service Email:** service@tgtriallaw.com
1111 W. Mockingbird Ln., Ste. 260
Dallas, Texas 75247
Tel: (972) 550-6818
Fax: (469) 983-5600
**ATTORNEYS FOR PLAINTIFF**